**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:20-cv-00067-TBR**

ANTONIO MASSEY                                                              PLAINTIFF

v.

STEVEN BIRDSONG, *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant TiAnna LeGrand's ("LeGrand") Motion to Dismiss/Motion for Summary Judgment. [DN 34]. *Pro se* plaintiff Antonio Massey ("Massey") has responded. [DN 41]. LeGrand has replied. [DN 47]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that LeGrand's Motion to Dismiss/Motion for Summary Judgment [DN 34] is **GRANTED**. LeGrand's Motion for Extension of Time [DN 45] and Motion to Amend [DN 48] are **DENIED** as **MOOT**.

**I. Background**

Massey is currently housed at Luther Luckett Correctional Complex ("LLCC"); however, the Complaint concerns events that allegedly occurred while Massey was incarcerated at Kentucky State Penitentiary ("KSP"). Massey filed suit in this Court on April 20, 2020. [DN 1]. In his Complaint, he alleges he was refused a shower by LeGrand on May 12, 2019. "LeGrand stated Plaintiff had gave her the finger using the justification of canceling Plaintiff's shower." [*Id.* at PageID75]. Massey requested to speak with LeGrand's supervisor, Sgt. Joseph Kelly. [*Id.*] Sgt. Kelly spoke with Massey and gave him "a wash rag, to allow the Plaintiff to go back to his cell and take a wash off in the sink." [*Id.*] Massey "gave CO. TiAnna LeGrand the finger and started to walk back to his cell, when CO. TiAnna LeGrand unprofessionally had used provocative, and

explicitive language towards the plaintiff". [*Id.* at PageID 76]. Massey then refused to go into his cell because he was not able to shower. [*Id.*]

Massey grabbed his mattress from his cell because he "had seen Sgt. Kelly retrieve the 40 caliber Mike-Mike gun." [*Id.*] A cert team was assembled and "Sgt. Steven Birdsong had brutally shot the plaintiff in his right eye crashing his eye socket bone around his eye pushing his eye in a downward position". [*Id.*] Massey further alleges Cpt. Jesse Jenkins was present but "did nothing, whatsoever to prevent curtail or limit the abuse". [*Id.* at PageID 77]. Jenkins allegedly ordered Birdsong to fire the weapon. [*Id.* at PageID 72]. Finally, Massey alleges the "attack was accomplished by certain correctional officers taunting and castigating the plaintiff with slurs and obscenities." [*Id.* at PageID 77].

Massey filed an Eighth Amendment excessive force claim against LeGrand. LeGrand now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact

could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence…of a genuine dispute…" Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. Discussion

**A. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones*, 549 U.S. at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing Jones, 549 U.S. at 204).

The Kentucky Department of Corrections, Policies and Procedure ("CPP") 14.6 describes the process for an inmate to properly file a grievance. An inmate must file a grievance on a

3

grievance form within five business days of the incident. [DN 34-2 at PageID 173]. The grievance must "include all aspects of the issue and identify all individuals in the 'Brief Statement of the Problem' section of the written grievance". [*Id.*]

Here, in his Complaint, Massey states he filed a grievance at LLCC regarding this incident. [DN 1 at PageID 82]. LeGrand has provided an affidavit from Dagon Moon, the Grievance Coordinator at LLCC. Moon reviewed Massey's grievance records for grievances regarding the present incident on December 22, 2020. [DN 34-3 at PageID 186]. At the time of this review, Massey had filed more than forty grievances. [*Id.*] Massey filed one grievance alleging he was shot at KSP by Sgt. Birdsong. [*Id.*] Moon found "no record of any grievance filed by Inmate Massey that in any way alleges that any officer instigated a confrontation with him resulting in him being shot with a 40mm launcher in May 2019 while he was housed at KSP." [*Id.* at PageID 187]. Further, the "office has no record of any grievance filed by Inmate Massey that names Correctional Officer TiAnna LeGrand." [*Id.*]

In grievance number 19-419 Massey stated,

I was shot in the face at Eddyville around 1 month ago by Sgt. Birdsong because I refused to go in to my cell. After this situation I was giving no medical attention [illegible] And to day is 06/18/19 and I have [illegible] get the proper medical attention. I have been trying to get medical attention since and have not.

[DN 34-4 at PageID 191]. That grievance was rejected because it was filed more than five days after the incident. [*Id.* at PageID 190].

Massey argues he did exhaust his administrative remedies due to a letter he allegedly wrote to the Warden, a letter he sent to Frankfort, and case law. Massey attached an undated and unaddressed letter he claims was sent to the Warden informing the Warden Massey "did not take the proper steps" to file a grievance. [DN 41 at 1]. In this letter, Massey asks that he be allowed to refile his grievance. [DN 41-1 at PageID 250]. Massey never received a response to this letter.

4

This letter, even if addressed to the Warden, cannot serve as a substitute for exhaustion. The CPP requires an inmate to file a grievance on a grievance form within five days of the grievable incident. The grievance process does not allow an inmate to write the Warden a letter in lieu of following the proper inmate grievance process. The letter allegedly mailed to the Warden is not proof of exhaustion. The letter allegedly mailed to Frankfort cannot satisfy the exhaustion requirements for the same reason. The Frankfort letter is only addressed to "whom this may concern". [*Id.* at PageID 251]. Further, the letter was not written until June 29, 2019—more than five days after the alleged incident. [*Id.* at PageID 251]. This letter to Frankfort is not an acceptable avenue to exhaust administrative remedies.

Finally, Massey cites to *Woulard v. Food Service* to support his position. In *Woulard,* the plaintiff filed a grievance approximately four years prior to filing suit and the defendants filing a motion to dismiss. 294 F. Supp. 2d 594, 602 (D. Del. 2003). The prison never responded to the grievance. *Id.* The court held, "a § 1983 prisoner complaint should not be dismissed for failure to exhaust administrative remedies when the record indicates that the plaintiff filed a grievance that has been completely ignored by prison authorities beyond the time allowed for responding to grievances under the grievance procedure." *Id.* (citing *Chapman v. Brewington-Carr,* 2001 WL 34368394, *3 (D. Del. 2001)). Massey is presumably relying on this holding to support his case. However, Massey's reliance is mistaken. Massey filed a grievance and the prison rejected that grievance for not filing it within the five-business day limit. Massey's grievance was not ignored like *Woulard*. The subsequent letters Massey claims he sent to the Warden were not received. [DN 47-1 at PageID 363]. Even if these letters were received, they were not grievances and therefore, *Woulard* does not apply.

Massey has not exhausted his administrative remedies—a requirement to bring claims. Although Massey has filed evidence that supports his allegations that he was in fact shot, that cannot remedy the fact he did not exhaust his administrative remedies. Therefore, his claim against LeGrand must be dismissed.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant TiAnna LeGrand's Motion to Dismiss/Motion for Summary Judgment [DN 34] is **GRANTED**. LeGrand's Motion for Extension of Time [DN 45] and Motion to Amend [DN 48] are **DENIED** as **MOOT**. The Clerk is directed to **TERMINATE** Defendant TiAnna LeGrand from this action.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 7, 2021

cc: Antonio T. Massey
    267897
    Kentucky State Reformatory
    3001 W. Highway 146
    LaGrange, KY 40032
    PRO SE

cc: Jesse Jenkins

cc: Steven Birdsong